UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        CRIM. CASE NO. 11-20513

v.                                         PAUL D. BORMAN
                                            UNITED STATES DISTRICT JUDGE

DAVID YATES,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S MOTION TO QUASH TEXT MESSAGES

Defendant moved to quash text messages sent from a third-party's phone to Defendant Yates, both for lack of completeness, and lack of authenticity.

As to the first claim, lack of completeness, Defendant asserted that all messages sent from the third party's phone should be turned over, not just the text messages to Defendant Yates.

Based on this argument, the Court requested that the Government provide the Court with all the messages, *in camera*, to permit the Court to determine whether there was any *Brady* material for turnover to Defendant. *Brady v. Maryland*, 373 U.S. 83 (1963).

The Court was provided with all the messages, and then the Government decided to release all of them to Defendant Yates. Thus, the issues of completeness and the potential for *Brady* material is moot.

As to the second issue, use of summaries of the phone messages, the Court looks to Federal Rule of Evidence 1006: Summaries to Prove Content:

> The proponent may use a summary, chart . . . to prove the content of voluminous writings, recordings . . . that cannot be conveniently examined in court. The proponent must make the originals or

duplicates available for examination or copying, or both, by other parties at a reasonable time and place.

What the Government seeks to prove is by the actual text messages in a spreadsheet format, not a summary of those text messages. Defendant has been provided with all the messages. This satisfies Rule 1006.

Further, as to authentication, the Government states that it will produce witnesses to authenticate the phone number (702) 469-8430 as Defendant David Yates' phone number. The Government further states that it will also introduce testimony to authenticate the phone messages/texts and corroborate the actions discussed on Defendant Yates phone number. The Government further states that it will also authenticate the text messages by witnesses who have knowledge of the texts. These proposals satisfy FRE 901, in 901(b)(1) – testimony of a witness with knowledge that an item is what it is claimed to be.

Accordingly, the Court will deny Defendant's Motion to Quash Text Messages, subject to renewal at trial if authenticity issues arise. As the Sixth Circuit held: "Evidence must be authenticated prior to admission." *United States v. McPhearson*, 303 Fed. Appx. 310, 317, 2008 WL 5246393 (6th Cir. 2008).

Accordingly, Defendants Motion to Quash is DENIED.

SO ORDERED.

DATED: 5-4-12

PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE